[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11337

Non-Argument Calendar

_____

STEPHEN LOFTIS WHITE,

Plaintiff-Appellant,

*versus*

NICHOLAS B. COX,
ROBERT C. FINKBEINER, JR.,
ATTORNEY GENERAL, STATE OF FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cv-00011-CEM-PRL

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Loftis White, proceeding pro se, appeals following the dismissal of his civil complaint under the *Younger*[1] abstention doctrine. Briefly summarized, court filings show that the State of Florida charged White with two criminal violations in state court in 2019 (*White I*). White later pled not guilty and, at one point, challenged the state court's jurisdiction to preside over his case, without success. In the interim, he filed, in January 2021, the present suit in the Middle District of Florida, which he styled as a "Jurisdictional Complaint."

In the present complaint, White argued that the state court violated the separation of powers and his constitutional rights of due process and equal protection because the state court lacked jurisdiction to preside over *White I.* He did not allege or attach any documents showing that the proceedings in *White I* had concluded. Thus, the named defendant, the state, moved to dismiss White's federal complaint under the *Younger* abstention doctrine. The state so moved both because White's criminal case was pending in state court and because any constitutional violations that White alleged were occurring in his prosecution could be adequately addressed in the state proceedings. The district court

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

agreed and dismissed his suit based on, *inter alia, Younger.*[2]  On appeal, White reiterates that in his state criminal case, the state trial court violated his due process rights because it failed to sufficiently establish jurisdiction.  Nevertheless, he does not cite to *Younger* or mention the abstention doctrine which served as the basis, in part, for dismissing his action, although he does do so in his reply brief.

## I.

We review the district court's decision to apply the *Younger* abstention doctrine for an abuse of discretion.  *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).  A district court abuses its discretion when it makes an error of law.  *United States v. Pruitt*, 174 F.3d 1215, 1219 (11th Cir. 1999).

While we interpret briefs filed by pro se litigants liberally, issues not briefed on appeal are deemed abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).  Moreover, we do not address arguments raised for the first time in a pro se litigant's reply brief.  *Id.*

## II.

---

[2] The district court alternatively addressed his complaint under the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  Because the state court proceeding is still pending and we may affirm on any ground supported by the record, *see United States v. Gibbs*, 917 F.3d 1289, 1293 n.1 (11th Cir. 2019), that we need not discuss that doctrine further.

We note that White has abandoned any challenge to the district court's determination because, although he asserts that we have jurisdiction over constitutional claims generally, he does not expressly discuss *Younger* or abstention until his reply brief. *Id*.

Moreover, even if we deem a challenge to *Younger* abstention implicitly preserved, it still fails. In *Younger*, the Supreme Court reaffirmed the doctrine disfavoring federal court intervention in ongoing state court criminal prosecutions unless "absolutely necessary for protection of constitutional rights." *Younger*, 401 U.S. at 43-46. *Younger* abstention applies to both claims for injunctive relief and for declaratory judgment that would effectively enjoin state proceedings. *See Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997).

For *Younger* abstention to apply, three conditions must be met: (1) state judicial proceedings must be ongoing and the relief sought by the plaintiff would interfere with the proceedings, (2) the proceedings must implicate important state interests, and (3) the federal plaintiff must have an adequate opportunity to raise constitutional challenges in the state court proceedings. *31 Foster Children*, 329 F.3d at 1274. All three elements are met here.

For the first factor, White's state criminal proceeding was pending at the time he filed his complaint in the district court, in January 2021. *See Liedel v. Juv. Ct. of Madison Cnty.*, 891 F.2d 1542, 1546 n.6 (11th Cir. 1990). Further, because White explicitly asked the district court to dismiss the charging instrument and

vacate or discharge all judgments, the relief he sought would have interfered with the state proceeding.

For the second factor, *Younger* applies to pending state court criminal prosecutions like White's. *Younger*, 401 U.S. at 42.

For the third factor, White has the burden of showing that the state court proceeding will not provide him an adequate remedy for his federal claim. *31 Foster Children*, 329 F.3d at 1279. He does not present any authority to the contrary in the face of the presumption that a state's procedures will afford the plaintiff an adequate remedy. *Id.* In fact, White had the opportunity to raise his jurisdictional concerns in the state trial court, the state appellate court, and the Florida Supreme Court.

Nor does the bad faith exception to the *Younger* abstention doctrine apply here. *See Redner v. Citrus Cnty.*, 919 F.2d 646, 649 (11th Cir. 1990) (explaining that exceptions to *Younger* abstention include bad faith, harassment, or a patently invalid state statute). A proceeding is initiated in bad faith if it is brought without a reasonable expectation of obtaining a valid conviction. *Id.* at 650. The bad faith exception requires a substantial allegation that shows actual bad faith. *See Younger*, 401 U.S. at 48. White did not allege any facts showing that the state charged him criminally without having a reasonable expectation of a finding of guilt or a favorable outcome. *See Redner*, 919 F.2d at 650. Furthermore, in denying White's motion to state and prove jurisdiction on the official record, the state trial court addressed White's jurisdictional concerns, as did the state appellate court.

### III.

Applying the principles set forth above, we conclude that the district court did not abuse its discretion in dismissing White's complaint under the *Younger* abstention doctrine.  Accordingly, we affirm.

**AFFIRMED.**